HIRAM KITTRIDGE ET AL. V. TOLEDO, ANN ARBOR & GRAND TRUNK RAILWAY COMPANY.

*Stipulation for discontinuance.*

When a stipulation consenting to a discontinuance has been made by competent persons and a subsequent motion to strike it from the files has been denied, the court cannot proceed with the case so long as the stipulation has not been in some way impeached, nor the interests of counsel or of third persons involved.

Error to Washtenaw. (Joslyn, J.) April 9.—April 16.

ASSUMPSIT. Defendant brings error. Reversed.

*E. D. Kinne* for appellant. A compromise between parties competent to make it must be recognized by the court if it remains in force : *Wright v. Hake* 38 Mich. 531; *Parker v. Blighton* 32 Mich. 266 ; *Cook v. Perry* 43 Mich. 625 ; *Prichard v. Sharp* 51 Mich. 432; and a partner may compromise a debt due to the firm : *Pierson v. Hooker* 3 Johns. 70 ; *Cunningham v. Littlefield* 1 Edw. Ch. 104; *Doremus v. McCormick* 7 Gill 49 ; *Noyes v. N. H. R. R. Co.* 30 Conn. 1 ; Ewell's Lindley on Partnership 277.

*Cramer & Corbin* for appellee.

SHERWOOD, J. The plaintiffs brought suit against defendant in assumpsit on all the common counts, laying their damages at one thousand dollars, and filed a bill of particulars. Defendant pleaded the general issue, with notice of set-off, and of settlement in full. The case was at issue June 18, 1883. On the 6th of September, 1883, a stipulation was made by the attorney for the defendant and the plaintiffs as follows : " We hereby consent that the above-entitled cause may be discontinued, each party paying their own costs." On the 14th day of October following, order was entered in the common rule book, by the defendant's attorney : " On filing the stipulation of the parties in this cause, it is ordered that this cause be and the same is hereby discontinued."

The plaintiff, on the 16th day of October, 1883, made a motion to strike from the files in the case the stipulation to discontinue the suit, which was denied by the court, and on the same day, under the rulings of the circuit judge, and against the objection of the defendants, counsel for the plaintiff was permitted to proceed to the trial of the cause before a jury. Counsel for defendant objected to proceeding to the trial, on the ground that the suit had been discontinued, and after making proper proofs of the stipulation, submitted the same to the court in support of his objection. The circuit judge overruled the objection, allowed the cause to proceed before the jury, and under his charge a verdict was rendered against the defendant. This ruling was erroneous.

The stipulation of the parties which placed the cause out of court, and which on decision of the motion had been held proper to remain upon the files in the case, was entitled to be regarded as valid by the court until in some manner impeached, and nothing of the kind was attempted, neither had the interests of the attorneys or any third parties intervened, so far as is disclosed by the record. Under the facts shown, the plaintiffs, or either of them, had the right to make the stipulation, and when acted upon by either of the parties the cause was out of court.

The judgment must be reversed with costs.

The other Justices concurred.